**UNITED STATES of america,**
**Plaintiff–Appellee,**

v.

**Gary R. TURNER, Defendant–**
**Appellant.**

No. 05–1027.

United States Court of Appeals,
Seventh Circuit.

Submitted March 21, 2005.

Decided March 21, 2005.

Timothy A. Bass, Office of the United States Attorney, Urbana, IL, for Plaintiff–Appellee.

Gary R. Turner, Paxton, IL, pro se.

Before BAUER, POSNER, and EVANS, Circuit Judges.

## ORDER

Gary Turner violated the conditions of the one-year term of probation imposed on his conviction for illegally transporting wildlife in interstate commerce, 16 U.S.C. § 3372(a)(2)(A) and the magistrate judge presiding over the misdemeanor criminal case then revoked Turner's probation. Turner filed a timely notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Turner was notified that he could respond to counsel's motion, *see* Cir. R. 51(b), but he did not do so. Because counsel's supporting brief is facially adequate, we review only the potential issues it identifies. *See United States v. Johnson*, 248 F.3d 655, 667–68 (7th Cir. 2001).

Turner began serving his probationary term in April 2004. But by June he had submitted nine urine samples that tested positive for cannabis, skipped several scheduled substance-abuse counseling sessions, and failed to provide employment verification. Both Turner's probation officer and the court at a status conference admonished Turner for his behavior and warned him that continued disregard for the conditions of his probation might result in jail time. But Turner ignored the warning, and in September the government petitioned the court to revoke his probation, alleging that he tested positive for marijuana on fifteen separate occasions between April and September, that he failed to attend substance-abuse treatment, and that he twice failed to report for drug testing. At his revocation hearing, Turner admitted the violations, and the court revoked his probation and imposed eight

months' incarceration, midway between the recommended guideline range of five to eleven months.

■ In his *Anders* brief, counsel first considers whether Turner could make a nonfrivolous argument that his admission to violating his conditions of probation is unenforceable. By admitting the violations Turner waived his rights under Federal Rule of Criminal Procedure 32.1 and thus could challenge the revocation only if his waiver was not knowingly and voluntarily made. *United States v. LeBlanc,* 175 F.3d 511, 515 (7th Cir.1999). If we were to review Turner's waiver, we would look at the totality of the circumstances, including whether Turner understood the violations alleged against him and the possible term of imprisonment that could be imposed, and whether he voluntarily admitted the violations based on this knowledge. *Id.* at 517. Any argument that Turner's probation was revoked improperly would be frivolous because nearly four months earlier Turner was warned explicitly that more violations like those already known to the probation officer could lead to jail time. And at the revocation hearing the court reviewed the alleged violations with Turner, who with counsel present then admitted his guilt. Further, Turner swore that he was not threatened or promised anything to induce his admission.

■ The only other potential issue identified by counsel is whether Turner could argue that his punishment upon probation revocation was too harsh. Turner admitted to a Grade C violation, and based on his Category III criminal history the guidelines recommended a punishment range of five to eleven months. U.S.S.G. § 7B1.4(a). Before settling on a term midway in that range, the court noted Turner's "flagrant violations" involving chronic marijuana use. Because the court considered appropriate factors under 18

U.S.C. § 3583(e)(3), including the nature and circumstances of the violations and Turner's personal history, we agree that it would be frivolous to argue that eight months' incarceration is unreasonable.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS Turner's appeal.